IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:17-cv-00097 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL G. FELKER, ) | |
| and RHONDA S. FELKER, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, by its undersigned counsel, pursuant to 26 U.S.C § 7405, with the authorization of the Secretary of the Treasury of the United States, and at the direction of the Attorney General of the United States, brings this civil action to recover erroneous refunds of income taxes, plus interest, made to Defendants Daniel G. Felker and Rhonda S. Felker and to obtain a judgment against them for the amount of the erroneous refund, plus statutory interest thereon, and alleges as follows for its complaint in this matter.

### Jurisdiction, Venue, and Parties

1.  This action is brought pursuant to 26 U.S.C. § 7405(b) to recover erroneous refunds of federal taxes paid to the Defendants Daniel G. Felker and Rhonda S. Felker.

2.  This Court has jurisdiction over the subject matter of this action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

3.  Defendants Daniel G. Felker and Rhonda S. Felker reside in Newburgh, Indiana, which is within the jurisdiction of the Court.

### Count to Recover Erroneous Refund and for Judgment

4.  During at least the years 2008 and 2010, Daniel G. Felker was the 97%

shareholder of Sterling Boiler & Mechanical, Inc. (hereinafter, "Sterling"), a Subchapter S corporation.

5. During at least the years 2008 and 2010, Daniel G. Felker was the 100% shareholder of A&D Constructors, Inc. ("A&D"), a Subchapter S corporation.

6. On or about September 14, 2009, Sterling filed with the IRS a Form 1120S for the 2008 tax year. On this return, no credit under 26 U.SC. § 41 for Increasing Research Activities was claimed.

7. On or about June 8, 2009, A&D filed with the IRS a Form 1120S for the 2008 tax year. On this return, no credit under 26 U.S.C. § 41 for Increasing Research Activities was claimed.

8. On or about August 30, 2011, Sterling filed with the IRS a Form 1120S for tax year 2010. On this return, no credit under 26 U.SC. § 41 for Increasing Research Activities was claimed.

9. On or about September 20, 2011, A&D filed with the IRS a Form 1120S for tax year 2010. On this return, no credit under 26 U.S.C. § 41 for Increasing Research Activities was claimed.

10. On or about October 13, 2009, and on October 14, 2011, Daniel G. Felker and Rhonda S. Felker filed with the IRS Form 1040 Federal Income Tax Returns for the years 2008 and 2010, respectively. They paid all taxes reported on the returns. On each of these returns, income flowing through Sterling and A&D was reported.

11. In or about July 2012, Sterling engaged Alliantgroup, LP to conduct a research and development tax credit study for the years 2008 and 2010, among others.

12. On or about October 12, 2012, Sterling filed with the IRS an amended Form

2

1120S for 2008. On this amended return, a credit for Increasing Research Activities was claimed under 26 U.S.C. § 41 in the amount of $1,671,123.00.

13. On or about October 15, 2012, A&D filed an amended Form 1120S for 2008. On this amended return, a credit for Increasing Research Activities was claimed under 26 U.S.C. § 41 in the amount of $370,388.00.

14. On or about October 12, 2013, Sterling filed an amended Form 1120S for 2010. On this amended return, a credit for Increasing Research Activities was claimed under 26 U.S.C. § 41 in the amount of $1,314,919.00.

15. On or about September 17, 2013, A&D filed an amended Form 1120S for 2010. On this amended return, a credit for Increasing Research Activities was claimed under 26 U.S.C. § 41 in the amount of $93,340.00.

16. In connection with Sterling and A&D filing amended Forms 1120S, Daniel G. Felker and Rhonda S. Felker filed amended joint income tax returns (IRS Forms 1040X) for 2008 and 2010.

17. On October 12, 2012, the Felkers filed a Form 1040X for 2008. The changes reflected on the Felkers' Form 1040X for 2008 related to, and flowed from, the changes that Sterling and A&D made on its amended Form 1120S for 2008. The Form 1040X for 2008 reflected a reduction in the Felkers' income tax liability in the amount of $509,662.00, resulting from the tax credit claimed under 26 U.S.C. § 41.

18. On or about November 1, 2013, the IRS issued to the Felkers a refund in the amount of $599,717.26, which includes the amount of the refund claimed by the Felkers on their amended Form 1040 for 2008, plus statutory overpayment interest.

19. On or about November 9, 2012, the Felkers filed a Form 1040X for 2010. The

changes reflected on the Felkers' Form 1040X for 2010 related to, and flowed from, the changes that Sterling and A&D made on its amended Form 1120S for 2010. The Form 1040X for 2010 reflected a reduction in the Felkers' income tax liability in the amount of $644,980.00, $539,980.00 of which was based on a carryover of the tax credit claimed under 26 U.S.C. § 41 from 2008.

20. On or about February 1, 2013, the IRS issued to the Felkers a refund in the amount of $683,452.03, which includes the amount of the refund claimed by the Felkers on their amended Form 1040 for 2010, plus statutory overpayment interest.

21. On or about September 13, 2013, the Felkers filed a second Form 1040X for 2010, which reflected an increase in the Felkers' income tax liability. The Felkers' second Form 1040X for 2010 continued to reflect a carryover of the tax credit claimed under 26 U.S.C. § 41 from 2008 and, in addition, claimed an additional credit of $140,682.00 under 26 U.S.C. § 41. Following the filing of their second Form 1040X, the Felkers' net tax refund for 2010 stemming from claims of the tax credit under 26 U.S.C. § 41 was $248,531.00.

22. For the years 2008 and 2010, neither Sterling nor A&D is entitled to the credits under 26 U.S.C. § 41 claimed on its amended Forms 1120S.

23. Among the reasons that neither Sterling nor A&D is entitled to the credits claimed under 26 U.S.C. § 41 is that, to the extent the United States can determine what activities Sterling and A&D assert constitute qualified research under 26 U.S.C. § 41(d), those activities do not constitute qualified research. Sterling and A&D did not engage in technological or scientific research to design and/or create new or improved business components of Sterling and/or A&D. Rather, it appears that Sterling and A&D constructed, assembled, and/or installed mechanical components, products, and systems meeting the plans and specifications designed and/or created

by customers or other contractors, did maintenance on such systems, and fabricated metal products and components based on customer specifications.

24. In addition, Sterling and A&D did not maintain, and did not claim and compute credits under 26 U.S.C. § 41 with, sufficient records to substantiate the time that specified employees spent performing or supervising performance of allegedly qualified research under 26 U.S.C. § 41(d), the hours and wages attributable to such work by those employees, and the nature and specifics of such work by those employees.

25. In addition, Sterling and A&D did not maintain, and did not claim and compute credits under 26 U.S.C. § 41 with, sufficient records of the percentage of materials used in allegedly qualified research under 26 U.S.C. § 41 to differentiate such materials from the remainder of the materials used in their metal fabrication activities.

26. Further, Sterling and A&D claimed the credits based on an invalid statistical sampling of 75 projects that did not involve qualified research under 26 U.S.C. §41(d) and that used wage expense data based on insufficient documentation and substantiation of the percentage of overall work time that specified employees spent performing or supervising performance of allegedly qualified research under 26 U.S.C. § 41(d), the hours and wages attributable to such work by those employees, and the nature and specifics of such work by those employees.  The statistical sampling report also is invalid because it is does not identify appropriate criteria under which the sample of 75 projects were selected and evaluated.  Further, appropriate supporting documentation such as notes, invoices, purchase orders, project descriptions, and employee time and wage records for each project were not presented with the report.  The statistical sampling report was not prepared using accepted statistical sampling methodology, and it was not prepared in compliance with Internal Revenue procedures.

27. Sterling and A&D are not entitled to the credits under 26 U.S.C. § 41 that they claimed on their amended Forms 1120S because they did not compute their fixed base percentage consistently with their calculations of the credits claimed under 26 U.S.C. § 41 for tax years 2008 and 2010, as required by 26 U.S.C. § 41(c)(6)(A), nor did they retain sufficient records to substantiate their fixed base percentage.

28. Additional grounds for disallowing the credits claimed under 26 U.S.C. § 41 were provided to Sterling, A&D, and/or the Felkers in an IRS examination report for tax years 2011 and 2012, which also support the disallowance of those credits for 2008 and 2010. The United States reserves the right to assert additional grounds for which Sterling and A&D are not entitled to credits under 26 U.S.C. § 41(d), regardless of whether they were discussed in the examination.

29. The Felkers are not entitled to the refunds that they claimed on Forms 1040X for 2008 and 2010 because those refunds are based on the flow through of the credits under 26 U.S.C. § 41 that Sterling and A&D incorrectly claimed/reported on their amended Forms 1120S for 2008 and 2010.

30. The IRS's issuance of the refunds claimed on the Felkers' Forms 1040X for 2008 and 2010 was erroneous and mistaken because those refunds are based on the flow through of the credits under 26 U.S.C. § 41 that Sterling and A&D incorrectly claimed/reported on their amended Forms 1120S for 2008 and 2010.

31. This action was timely filed, the statute of limitations under 26 U.S.C. § 6532(b) having been extended with the Felkers' consent.

32. On or about January 10, 2015, the Felkers agreed to extend the two year period of limitation for recovering an erroneous refund under 26 U.S.C. § 6532(b) until June 30, 2016.

33. On or about May 13, 2016, the Felkers agreed to extend the two year period of

limitation for recovering an erroneous refund under 26 U.S.C. § 6532(b) until June 30, 2017.

**WHEREFORE**, the Plaintiff United States of America prays for the following relief:

A. That this Court order, adjudge, and decree that the Defendants Daniel G. Felker and Rhonda S. Felker are jointly and severally indebted to the United States of America in the amount of $599,717.26 for 2008, plus interest running from November 1, 2013, until paid, and said interest is to be consistent with the underpayment rate established under 26 U.S.C. §§ 6621 and 6622, and that judgment be entered against them in favor of the United States of America in that amount;

B. That this Court order, adjudge, and decree that the Defendants Daniel G. Felker and Rhonda S. Felker are jointly and severally indebted to the United States of America in the amount of $248,531.00 for 2010, plus interest running from February 1, 2013, until paid, and said interest is to be consistent with the underpayment rate established under 26 U.S.C. §§ 6621 and 6622, and that judgment be entered against them in favor of the United States of America in that amount; and

    C.    That the United States be granted its costs in this action, and such other relief as the Court deems just and appropriate.

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Bradley.A.Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
(202) 307-1038 (v)
(202) 514-5238 (f)
Bradley.A.Sarnell@usdoj.gov