UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 3:17-cv-00097-RLY-MJD ) |
| DANIEL G. FELKER, RHONDA S. FELKER, | ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION TO STAY**

This matter comes before the Court on Defendants' Motion to Stay. [Dkt. 14.] Defendants claimed tax credits for expenses incurred in connection with qualified research activities occurring during Tax Years ending December 2008, December 2010, December 2011, and December 2012.[1] After examining Defendants' tax returns, Plaintiff issued Notices of Deficiency only for tax years 2011 and 2012. [Dkt. 14 at 2.]

On February 16, 2017, Defendants filed a Petition in the United States Tax Court ("Tax Court's Case") contesting the alleged tax deficiencies assessed by Plaintiff. [Dkt. 14 at 2.] Defendants also asked the Tax Court to determine that they were entitled to a refund for the tax years 2008 and 2010. [Dkt. 15 at 2.] Plaintiff moved to dismiss Defendants' petition insofar as it sought a determination of Defendants' entitlement to a refund for the tax years 2008 and 2010, arguing that the Tax Court lacked jurisdiction to make any determination with regard to 2008 and 2010 because no notice of deficiency had been issued to Defendants for those years. [*Id.*] On

---

[1] Plaintiff issued tax refund to Defendants for the tax years 2008 and 2010. [Dkt. 14.]

May 3, 2017, the Tax Court granted Plaintiff's motion to dismiss, holding that it lacked jurisdiction to determine whether Defendants' taxes for 2008 and 2010 had been overpaid or underpaid. [*Id.*]

On June 14, 2017, Plaintiff filed this action to collect the refund issued to Defendants for the tax years 2008 and 2010. [Dkt. 1.] Defendants now seek to stay this matter pending the resolution of the Tax Court's Case. [Dkt. 14.]

Defendants argue that while the Tax Court dismissed the years pending in the instant case for lack of jurisdiction, the Tax Court must necessarily compute the correct tax liability for the tax years 2008 and 2010 because a portion of the reduction in tax liability for 2011 and 2012 to which Defendants claim they are entitled to in the Tax Court's Case stems from a carryforward of § 41 credits from 2008 and 2010. Thus, Defendants argue that a stay would ensure that the case be resolved in the most efficient and inexpensive manner and to avoid inconsistent rulings on the same overlapping legal and factual issues. In response, Plaintiff argues that in computing the tax liabilities for the tax years 2008 and 2010, the Tax Court could reach a number that "would not be binding on this Court and thus would require duplicative litigation." [Dkt. 15 at 3.]

The Court, while acknowledging Plaintiff's desire to move this case forward, agrees with Defendants that judicial economy and the best interests of this matter are not advanced by litigating the merits of this matter while the Tax Court's Case is pending. In both matters, the Tax Court and this Court would have to determine Defendants' correct tax liabilities for the tax years 2008 and 2010. [*See* Dkt. 1; Dkt. 14.] In the Tax Court's Case, the Tax Court would have to determine whether the amount of research credits to which Defendants are entitled for the tax years 2008 and 2010 exceed the amount usable in those years because the tax credit in the tax

years 2011 and 2012 include general business credit carryforwards from the prior tax years 2008 and 2010. [Dkt. 14 at 6.] Thus, although the Tax Court only has jurisdiction over the tax years 2011 and 2012, the Tax Court has the authority to compute the correct tax liabilities for the tax years 2008 and 2010. *Lone Manor Farms, Inc. v. Comm'r*, 61 T.C. 436, 440 (1974) (The Tax Court is entitled to compute "the correct tax liability for a year not in issue when such a computation is necessary to a determination of the correct tax liability for a year that has been placed in issue."). Similarly, in this matter, the Court would have to compute the correct tax liabilities for the tax years 2008 and 2010 in order to determine whether Plaintiff issued an erroneous refund to Defendants on account of Defendants' claim to a credit for increasing qualified research expenses for the tax years 2008 and 2010.

In addition, Plaintiff's argument that the Tax Court's computation of the tax liabilities for the tax years 2008 and 2010 "would not be binding on this Court" is unpersuasive. [Dkt. 15 at 3.] Plaintiff argues that the Tax Court's decision "would not have any preclusive effect on this Court" because Plaintiff would be barred from appealing the Tax Court's decision with regard to the amount of the credit for the tax years 2008 and 2010. [Dkt. 15 at 4.] In support of its position, Plaintiff cited to *DeGuelle v. Camilli* which states that collateral estoppel applies only when the parties have had both a full and fair opportunity to litigate the issue and "a meaningful opportunity to appeal the resolution of the issue." [Dkt. 15 at 4. (citing *DeGuelle v. Camilli*, 724 F.3d 933, 935 (7th Cir. 2013).]

A decision of the Tax Court is appealable to the United States Circuit Courts of Appeals. Proc. & Prac. R. 191, http://www.ustaxcourt.gov/rules/Title_XIX.pdf. Plaintiff's argument that there is a situation where Plaintiff would have prevailed with regard to the tax years 2011 and 2012 but could not appeal the Tax Court's decision, including its findings with regard to the

exact amount of the credits generated in 2008 and/or 2010, is speculative in nature. Moreover, issue preclusion is an equitable doctrine. *Mayes v. City of Hammond,* 631 F. Supp. 2d 1082, 1091 (N.D. Ind. 2008) (citing *Evans v. Katalinic*, 445 F.3d 953, 956 (7th Cir. 2006); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)). Even if all of the criteria for issue preclusion are satisfied, the Court still "has the discretion not to allow unfair use of the doctrine". *Id.* Thus, in the unlikely event when Plaintiff's speculation becomes true, the Court has the discretion not to allow unfair use of issue preclusion with regard to the correct tax liabilities for the tax years 2008 and 2010.

Furthermore, while the Court understands Plaintiff's desire to move the case forward and have the Court determine Defendants' correct tax liabilities for the tax years 2008 and 2010 so that "no court will have to look at [those issues] again," [Dkt. 15 at 5] given the Court's current status of judicial emergency, it is highly unlikely that this matter will proceed to trial earlier than the Tax Court's Case.[2]

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Stay [Dkt. 14]; this matter is hereby **STAYED** pending resolution of the matter before the United States Tax Court.

Dated: 2 OCT 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[2] *See* Russ McQuaid, *Federal Judges Stretched Thin in Indiana as They Await White House Appointments*, FOX NEWS (Sep. 26, 2017), http://fox59.com/2017/09/26/federal-judges-stretched-thin-in-indiana-as-they-await-white-house-appointments/; *Southern District to "Borrow" Judges to Ease Judicial Emergency*, THE INDIANA LAWYER (Feb. 28, 2017), https://www.theindianalawyer.com/articles/42937-southern-district-to-borrow-judges-to-ease-judicial-emergency.

Distribution:

Bradley A. Sarnell
U.S. DEPARTMENT OF JUSTICE, TAX DIVISION
bradley.a.sarnell@usdoj.gov

Jefferson H. Read
ZERBE, MILLER, FINGERET & JADAV
jread@ZMFLaw.com

John H. Dies
ZERBE, MILLER, FINGERET, FRANK & JADAV
jdies@ZMFLaw.com